[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Upon trial of the issues and consideration of all the evidence and exhibits the court finds:
1. The parties entered into an "agreement to sell" #4 Worthington Lane, Berlin, Connecticut. The plaintiff deposited the sum of ten thousand ($10,000.00) dollars. The purchase price was one hundred forty two thousand ($142,000.00) dollars, dated July 15, 1988. See Plaintiff's Exhibit A.
2. On August 10, 1988, the plaintiff visited the premises and observed the defendant "sweeping" water coming from above the wall footing in the basement. A dispute then developed between the parties concerning water in the basement. It had rained shortly before.
3. The plaintiff called the defendant the next day, by telephone, stating "that he did not want to buy because of the water situation" and "wanted my deposit back." A letter requesting the return of the deposit was sent on October 3, 1988, when it was not forthcoming. See Defendant's Exhibit 8.
4. An attempt to renegotiate the sale was made after plaintiff learned it would cost about six thousand ($6,000.00) dollars to correct the seepage problem. The plaintiff offered one hundred twenty-two thousand ($122,000.00) dollars. This negotiation failed.
5. The defendant's broker testified she observed water stains 6 inches up on the basement wall either from CT Page 5881 "rising water or seepage."
6. The retention of the property deposit by the defendant would unjustly enrich the defendant.
7. The defendant held the property for sale and not for investment income. The defendant delayed retaining a real estate agent to sell the property until February, 1989.
8. The property was sold August 29, 1989 for one hundred forty-nine thousand nine hundred ($149,900.00) dollars to Mr. and Mrs. Robert Johnson. The defendant received seven thousand nine hundred ($7,900.00) dollars more than he would have received had the agreement by the parties been consumated. The defendant suffered no losses or damages.
9. The "failure of the defendant to return the deposit" did not result in damages to the plaintiff under count one of the complaint.
Creditability is for the trier of facts to determine, that of the plaintiff is more believable to the court.
The court concludes as to the complaint there was sufficient seepage and water in the basement which would increase with rain. One is not expected to purchase property with the seepage and water condition, as described by the witnesses, unless specifically understood and agreed. Here there was no agreement or understanding to so accept the property. The attempt to renegotiate the sale indeed fell apart when the parties made an effort to come to an agreement including the cost of correction of the problems.
The court does not concur with the plaintiff's position that the failure to return the deposit has caused him "to sustain damages in the amount of ten thousand ($10,000.00) dollars", etc. as alleged in count one.
The court does concur that the facts and circumstances of this matter clearly would enrich the defendant "by his retention of the deposit."
The court concludes as to the counterclaim that the defendant has failed to prove the allegations of the counterclaim by a fair preponderance of the evidence.
Therefore, judgment may enter in favor of the defendant on count one of the plaintiff's complaint.
Judgment may enter in favor of the plaintiff to recover CT Page 5882 of the defendant the sum of ten thousand ($10,000.00) damage on count two of the complaint.
Judgment may enter in favor of the plaintiff against the defendant on the counterclaim.
JOSEPH F. MORELLI STATE TRIAL REFEREE